■ The People of the State of New York, Respondent, v Alvin Rudasil, Appellant.—Judgment, Supreme Court, Bronx County, rendered on November 8, 1974, convicting defendant, after a jury trial, of possession of a weapon as a felony and sentencing him to an indeterminate term not to exceed four years, unanimously affirmed. Defendant was sitting in the driver's seat of a parked vehicle with one Cornell Miller to his right. It was about 10:20 P.M. Several people were near the vehicle. Two police officers approached the vehicle. Defendant exited the car upon his own volition and while he was showing his license to drive and the registration for the car to one officer, the other officer approached the passenger side and shined his

flashlight on the front seat. When the officer saw a pistol, defendant and Miller were arrested. On the floor of the car the officers found 466 glassine envelopes of heroin. A motion to suppress the gun and heroin was denied. Defendant was then tried and found guilty. At issue on appeal is whether it was proper to allow the gun and heroin into evidence. As we have recently decided the appeal of Cornell Miller *(People v Miller,* 52 AD2d 425) (arrested along with defendant) where the same issue was raised, our task herein is merely to reiterate our holding therein. We held there, and we now hold herein, that the police approached the car, not because of mere whim, caprice, or idle curiosity, but in response to unusual street activity; that approaching the parked car without any other acts or words did not amount to a "stop" or "seizure"; and that looking into the car was not a "search". Accordingly, the motion to suppress was properly denied and the judgment of conviction is affirmed. Concur—Markewich, J. P., Silverman, Nunez and Yesawich, JJ.; Capozzoli, J., concurs on constraint of *People v Miller* (52 AD2d 425).